FILED
DEC - 3 2020
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. **4:20CR00749 SRC/PLC** |
| v. ) | |
| ) | |
| ANDREW R. HOTCHKISS, ) | |
| ) | |
| Defendant. ) | |

## INDICTMENT

### COUNT I

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1. Federal law defines the term

   (a) "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(1));

   (b) " sexually explicit conduct" to mean actual or simulated--

   (i) sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

   (ii) bestiality,

   (iii) masturbation,

   (iv) sadistic or masochistic abuse, or

   (v) lascivious exhibition of the genitals, anus or pubic area of any person (18 U.S.C §2256(2)(A)); and

1

(c) "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C.§2256(6));

(d) "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where-

> (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

> (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C.§2256(8)).

2. On or between about March 1, 2019 and May 17, 2019, in St. Francois County, Missouri, in the Eastern District of Missouri and elsewhere,

**ANDREW R. HOTCHKISS**,

the Defendant herein, did knowingly employ, use, persuade, induce, entice and coerce a minor, S.N., to engage in sexually explicit conduct, including hand to genital contact, mouth to genital contact and a lascivious display of her genitals, and said sexually explicit conduct was for the purpose of producing a visual depiction of such conduct, to wit: the Defendant engaged in acts involving placing his mouth and hands on the genitals of S.N., having S.N. place her hand on the genitals of the Defendant, and lascivious displays of her genitals and further video recorded such conduct and distributed the videos via the internet, and such depictions were transported or transmitted in or affecting interstate and foreign commerce and were produced using materials,

to-wit: an Alcatel Model 5041C cellular telephone, that had been mailed, shipped, or transported in interstate and foreign commerce,

in violation of Title 18, United States Code, Section 2251(a) and punishable under Title 18, United States Code, Section 2251(e).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.  Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2251(a) as set forth in Count 1 of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2.  If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney

_____
JILLIAN S. ANDERSON, #53918MO
Assistant United States Attorney